REMALI v. COUNTY OF BARAGA.

1. JUDGMENT—SUMMARY JUDGMENT—TORTS—COUNTY—GOVERNMEN-
   TAL IMMUNITY—STATUTORY EXCEPTIONS—FINDINGS OF FACT.
   Summary judgment for defendant county in an action by plain-
   tiff to recover for injuries suffered in a fall on a stairway
   owned but negligently maintained by the county *held*, improper
   where no findings of fact were made as to the nature of the
   structure on which plaintiff was injured and it is therefore im-
   possible to make a decision as to the applicability of the stat-
   ute dealing with the liability of governmental units and its ex-
   ceptions (PA 1964, No 170).

2. COSTS—PUBLIC QUESTION.
   Reversal of trial court's summary judgment for defendant county
   in a tort action pending the finding of further facts deals with
   a public question and therefore no costs are awarded on appeal.

Appeal from Baraga, Condon (Stephen D.), J.
Submitted Division 3 October 2, 1968 at Marquette.
(Docket No. 3,253.) Decided October 21, 1968.

Complaint by Rudolph Remali against the county
of Baraga for injuries resulting from a fall on a
stairway owned by the county. Summary judgment
for defendant. Plaintiff appeals. Reversed and re-
manded.

*Wisti, Jaaskelainen & Schrock,* for plaintiff.

*Messner & LaBine,* for defendant.

REFERENCES FOR POINTS IN HEADNOTES
[1] 41 Am Jur, Pleading § 340 *et seq.*
[2] 5 Am Jur 2d, Appeal and Error § 1009.

PER CURIAM.  Rudolph Remali sustained injuries allegedly resulting from a fall caused by a defective board on a county-owned and -maintained stairway. Defendant's motion for summary judgment (GCR 1963, 117.2) was granted on the grounds that PA 1964, No 170 (Stat Ann 1968 Cum Supp §§ 3.996 [106], 3.996[107]) provides the county with immunity in this regard, therefore, plaintiff had stated no claim on which relief could be granted.

A reading of the statute with its exceptions convinces us that the matter cannot be summarily dismissed without first determining that none of the exceptions enumerated in the statute applies.

This cause is reversed and remanded for a finding as to the nature of the structure on which plaintiff was injured, thereby allowing for a decision as to the applicability of the statute and its exceptions.

No costs as a public question is involved.

T. G. KAVANAGH, P. J., and McGREGOR and PHILIP C. ELLIOTT, JJ., concurred.